## BUCKLEY *v.* GIBBS.

1. APPEAL AND ERROR—CIRCUIT COURT COMMISSIONER—CIRCUIT COURT—CLAIM OF APPEAL—PAPERS SERVED ON APPELLEE.

   Claim of appeal from circuit court commissioner to circuit court was properly dismissed for failure of appellant to serve upon appellee or her attorney within time required by pertinent court rule a copy of the claim of appeal filed (Court Rule No. 76, §§ 2, 4 [1945]).

2. TENANCY IN COMMON—JUDGMENT IN OUSTER PROCEEDINGS.

   Notwithstanding final judgment for plaintiff in ouster proceedings before circuit court commissioner, a defendant is still at liberty to assert an equitable title to an undivided interest in premises involved, although no interest in the title, legal or equitable, appears to have been claimed in the proceedings before the circuit court commissioner.

3. JURY—DISMISSAL OF APPEAL FROM CIRCUIT COURT COMMISSIONER.

   Where trial by jury was had in ouster proceedings before circuit court commissioner and appeal to circuit court was properly dismissed before trial therein, it may not be said that appellant was deprived of her right to trial by jury.

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am. Jur., Appeal and Error, §§ 477, 478.
[2] 14 Am. Jur., Cotenancy, § 64 *et seq.*
[2] 32 Am. Jur., Landlord and Tenant, § 1027.

Appeal from Wayne; Chenot (James E.), J. Submitted January 16, 1948. (Docket No. 46, Calendar No. 43,769.) Decided May 18, 1948. Rehearing denied June 29, 1948.

Summary proceedings by Anna Buckley against Estelle Gibbs before circuit court commissioner to recover possession of land. Judgment for plaintiff. Defendant appealed to circuit court. Appeal dismissed on motion. Defendant appeals. Affirmed.

*Robert J. Hanley,* for plaintiff.

*John F. Jordan* and *William J. Hamill,* for defendant.

Reid, J. Plaintiff, the record titleholder of the premises in question, brought suit against defendant for the recovery of possession of lands in a summary ouster proceedings before a circuit court commissioner of Wayne county. On October 23, 1946, the jury rendered a verdict of guilty and judgment of ouster was entered in favor of plaintiff. Defendant on October 28, 1946, filed with the clerk of the circuit court commissioners for Wayne county a claim of appeal to circuit court and demand for a jury trial. Thereafter defendant mailed a notice of appeal and copies of other appeal papers to the attorney for plaintiff; the actual date of mailing is in dispute, plaintiff claiming the date to be November 4, 1946, and defendant claiming the date to be November 2, 1946. On November 25, 1946, plaintiff filed a written motion to dismiss the appeal on the ground that in taking the appeal defendant did not comply with the provisions of Court Rule No. 76, §§ 2, 4 and 5 (1945), in that no copy of the claim of appeal and affidavit of defendant was served on plaintiff or her attorney on or before October 28,

1946, and on the further ground that defendant did not comply with the provisions of Act No. 314, chap. 78, § 2a, Pub. Acts 1915, as added by Act No. 132, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16224–1, Stat. Ann. 1946 Cum. Supp. § 27.3482 [1]).*. The circuit court granted the motion to dismiss, evidently on the grounds alleged. From the order dismissing the appeal, defendant appeals.

The pertinent parts of Court Rule No. 76 are as follows:

"SEC. 2. In case of appeals where leave to appeal need not first be obtained from such circuit court, the appeal shall be taken within 5 days after the entry of the order, determination, decision, sentence, action, judgment, or decree appealed from. * * *

"SEC. 4. In case of appeals where leave to appeal need not first be obtained from such circuit court, the appellant shall do the following acts within the time limited for taking an appeal:

"(a) A claim of appeal in the form hereinafter provided shall be filed with the lower court, and upon such filing the circuit court shall be deemed vested with jurisdiction of said appeal and no appeal shall thereafter be dismissed without notice to appellant.

"(b) A copy of such claim of appeal shall be served upon the opposite party or parties, or upon his or their attorney or attorneys of record, in the lower court, in any manner provided for service of papers upon attorneys."

In the case at bar, the five-day period allowed for the service of a copy of the claim of appeal upon plaintiff or plaintiff's attorney expired on October 28, 1946, and the defendant by her own claim admits that the date that service was made was November 2, 1946. Therefore, defendant failed to comply with

*Amended by Act No. 191, Pub. Acts 1947 (Stat. Ann. 1947 Cum. Supp. § 27.3482 [1]).

Court Rule No. 76 and her appeal to the circuit court was rightly dismissed.

Defendant now claims an equitable title to an undivided interest in the premises. It does not appear in the record that defendant claimed any interest in the premises, legal or equitable, in the proceedings before the circuit court commissioner. Defendant is still at liberty to assert her interest in the title in a court of competent jurisdiction.

Defendant further raises a question that defendant was deprived of the right to trial by jury in the circuit court. Defendant's appeal was properly dismissed before trial in circuit court as a matter of law. It therefore cannot be said that defendant was deprived of her right to trial by jury.

The order of the circuit court dismissed the appeal of defendant from the judgment of ouster by the circuit court commissioner. The order of the circuit court appealed from is affirmed. Costs to plaintiff.

Bushnell, C. J., and Sharpe, Boyles, North, Dethmers, Butzel, and Carr, JJ., concurred.